UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| JANE ROE LB 61, | Case No. 8:24-cv-02406-JWH-ADS |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF No. 11]** |
| DOE 1, a corporation; DOE 2, a corporation; DOE 3, an entity of unknown form; and DOES 4 to 100, inclusive. | |
| Defendants. | |

Before the Court is the motion of Plaintiff Jane Roe LB 61 ("Roe") for an order remanding this action to Orange County Superior Court.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **DENIED**, as set forth herein.

## I.  BACKGROUND

This action arises out of alleged sexual abuse of a minor by a leader of the Church of Jesus Christ of Latter-Day Saints.[3]  Roe filed her complaint in Orange County Superior Court in August 2024, alleging six state law causes of action:[4]

- negligence;
- negligent supervision of a minor;
- sexual abuse of a minor;
- negligent hiring, supervision, and retention of an unfit employee;
- negligent failure to warn, train, or educate; and
- breach of mandatory duty:  failure to report suspected child abuse.

Defendants Doe 1, the Church of Jesus Christ of Latter-Day Saints (the "Church Corporation"), and Doe 2, the Temple Corporation (the "Temple Corporation") (jointly, "Defendants") removed the case to this Court in

---

[1]    Pl.'s Mot. to Remand (the "Motion") [ECF No. 11]

[2]    The Court considered the documents of record in this action, including the following papers:  (1) Not. of Removal (the "Notice of Removal") [ECF No. 1]; (2) Compl. (the "Complaint") [ECF No. 1-1]; (3) Motion (including its attachments); (4) Def.'s Opp'n to the Motion (the "Opposition") [ECF No. 20]; (4) Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 23]; (5) Def.'s Suppl. Authority in Supp. of the Opposition ("Supplemental Authority #1") [ECF No. 24]; and (6) Def.'s Suppl. Authority in Supp. of the Opposition ("Supplemental Authority #2") [ECF No. 25].

[3]    Complaint ¶ 13.

[4]    *See id.*

November 2024, on the basis of diversity jurisdiction.[5] One month later, Roe filed the instant motion to remand.[6] The matter is fully briefed.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

A defendant may remove a civil action in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008). Regarding the amount in controversy, a defendant's notice of removal needs to make only a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

## III. ANALYSIS

**A. Amount in Controversy**

Defendants aver that the amount in controversy exceeds $75,000.[7] Roe does not dispute that allegation.[8] Therefore, the Court concludes that the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(b); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).

---

[5] *See generally* Notice of Removal.

[6] *See generally* Motion.

[7] Notice of Removal ¶ 26-32.

[8] *See generally* Motion.

B. **Complete Diversity**

The parties do not dispute that both the Church Corporation and Temple Corporation are incorporated and that they have their principal places of business in Salt Lake City, Utah.[9] Rather, the thrust of Roe's challenge to this Court's subject matter jurisdiction centers around the citizenship of Defendant Doe 3. In her Complaint, Roe identifies Doe 3 as "a religious entity of unknown form duly organized, and operating pursuant to the laws of, the State of California."[10] In their Notice of Removal, Defendants identify Doe 3 as the Huntington Beach California stake of the Church.[11] Defendants assert that Doe 3 has "no legal existence or citizenship apart from the Church Corporation," and, therefore, Doe 3's purported presence as a party defendant cannot defeat complete diversity.[12] The Court agrees.[13]

The Ninth Circuit held that "the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction" because "a division of a corporation does not possess the formal

---

[9] Notice of Removal ¶¶ 7-9 & 14; Complaint ¶¶ 5 & 6.

[10] Complaint ¶ 7.

[11] Notice of Removal ¶ 20.

[12] *Id.* at ¶¶ 16 & 23.

[13] The Court is not alone in adopting this view, as many of the related cases have reached the same conclusion. *See, e.g.*, *Jane Roe MB 69 v. Doe 1*, 2025 WL 415344 (C.D. Cal. Feb. 6, 2025) ("the Sunset Beach Stake exists only as a subunit within the larger church and has no independent legal existence apart from that hierarchy"); *Roe JW 142 v. Church of Jesus Christ of Latter-Day Saints*, 2024 WL 5182415 (C.D. Cal. Dec. 20, 2024) ("Menifee Stake is not an independent entity for jurisdictional purposes"); *Roe AJ 1 v. Church of Jesus Christ of Latter-Day Saints*, 2025 WL 268882 (E.D. Cal. Jan. 22, 2025) ("Defendant Napa Stake is controlled by Defendant LDS as one of its many places of worship and is a citizen of Utah for the purposes of diversity jurisdiction.").

separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes." *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (internal citations omitted); *see also Sanfilippo v. Match Group LLC*, 2021 WL 4440337, at *1 (9th Cir. Sept. 28, 2021) (finding that Tinder existed as an unincorporated division of Match Group, LLC and that it should not have been considered for diversity jurisdiction purposes).

The Church is hierarchical.[14] Church congregations, called "wards" or "branches," are organized into ecclesiastical units called "stakes."[15] While some California stakes are incorporated, the Huntington Beach California stake is not.[16] The property alleged by Roe as the principal place of business of Doe 3—located at 8702 Atlanta Avenue, Huntington Beach, California—is owned by the Church Corporation.[17] Roe states that "DOE 3 is responsible for overseeing church programs, helping members, and counseling, overseeing and supervising bishops and ward leaders."[18] When the Huntington Beach California stake performs those functions, it does so in accordance with Church guidelines and standards.[19] When members attend services, they do so as members of the Church.[20] Member donations, called tithes, are given to the

---

[14] Notice of Removal ¶ 17.
[15] *Id.*
[16] *Id.* at ¶¶ 18-20.
[17] Opposition 9:24-27; *id.*, Ex. C [ECF No. 20-4].
[18] Motion 5:5-7.
[19] Opposition 9:12-14.
[20] *Id.* at 9:7-9.

Church, not to the stake.[21] All stake funding comes from the Church Corporation.[22]

Roe would like this Court to treat Doe 3 as an unincorporated association, instead of a sub-unit of the Church Corporation. Under California law, an unincorporated association is defined as an "unincorporated group of two or more persons joined by mutual consent for a common lawful purpose, whether organized for profit or not." Cal. Corp. Code § 18035. In support of that argument, Roe asserts that the "Stake President, counselors and clerks oversee records, finances, and property in the stake."[23] Roe also describes other functions of the stake, including "overseeing church programs, helping members, and counseling, overseeing and supervising bishops and ward leaders."[24] Those assertions confirm the Court's view that the Huntington Beach California stake is not an independent organization nor an unincorporated association, but, rather, it is a part of a greater whole. The practice of local oversight of funds, property, and records—that are owned by an external headquarters—closely resembles the operation of a regional management team that oversees local offices, working as an arm of a larger organization. Similarly, the religious functions of the stake all relate to the oversight of practices that are standardized throughout the entire Church, regardless of the stake in which they occur.[25]

Because the Huntington Beach California stake operates on property owned by the Church Corporation, under the guidelines and guidance provided

---

[21] *Id.*

[22] Notice of Removal ¶ 19; Opposition 10:1.

[23] Motion 4:14-15.

[24] *Id.* at 5:5-7.

[25] Opposition 9:11-18.

-6-

by the Church, for the religious practice of members of the Church, and it is funded by the Church Corporation, and it is not independently incorporated, the Court concludes that Doe 3 is an unincorporated division of the Church Corporation. Therefore, Doe 3 is considered a citizen of Utah for jurisdiction purposes.[26]

Roe argues that Doe 3 is a forum defendant and that Defendants' removal of this action to federal court prior to service is a "snap removal" that undermines the forum defendant rule, which should not be permitted.[27] That argument is moot. Because the Court concludes that Doe 3 does not have a legal existence outside of the Church Corporation, Doe 3 is not a citizen of California. As there are no non-fictitious defendants that are citizens of California, the forum defendant rule is not implicated, and the permissibility of "snap removal" is not in question.

Roe requests permission to undertake jurisdictional discovery. The Courts declines that request. Because Defendants have sufficiently alleged that they are citizens of Utah, and Roe is a citizen of California, Defendants have met their burden of pleading complete diversity. The amount-in-controversy requirement has also been met. Accordingly, the Court concludes that it has diversity jurisdiction under 28 U.S.C. § 1332.

---

[26] Roe argues that removal was improper because Doe 3 was not fraudulently joined. At no time in the Notice of Removal, nor in the Opposition, do Defendants allege that Doe 3 was fraudulently joined. As the Court concludes that removal was proper on independent grounds, it need not examine this argument any further.

[27] Motion 15:7-10.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that Roe's instant Motion to Remand [ECF No. 11] is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 28, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE